IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-05-00101-CR through
10-05-00117-CR

 

The State of Texas,

                                                                      Appellant

 v.

 

Rebekah Faith Stanley, ET AL.

                                                                      Appellees

 

 

 



From the County Court at Law 

McLennan County, Texas

Trial Court Nos. 2004-3921-CR1
through 2004-3933-CR1

and Nos. 2004-3935-CR1 through
2004-3938-CR1

 



MEMORANDUM  Opinion










 

          The State has filed motions to dismiss
these seventeen appeals
under Rule of Appellate Procedure 42.2(a).  See Tex. R. App. P. 42.2(a); McClain v. State, 17 S.W.3d
310, 311 (Tex. App.CWaco
2000, no pet.) (per curiam).  We have not issued decisions in these appeals
since the Court of Criminal Appeals remanded them to this Court for further
proceedings.  See State v. Stanley, No. PD-1393-05, 2006 Tex. Crim. App. LEXIS 1816 (Tex. Crim. App. Sept. 20, 2006).  The Clerk of this Court has
sent duplicate copies of the motions to the trial court clerk.  See Tex. R. App. P. 42.2(a); McClain,
17 S.W.3d at 311.  None of the Appellees has filed a response.  Accordingly,
these appeals are dismissed.

PER CURIAM

Before Chief Justice
Gray,

Justice
Vance, and

Justice
Reyna

Appeal dismissed

Opinion delivered and
filed November 1, 2006

Do not publish

[CR25]

 






4.351 (Vernon Supp. 2010).  The trial court granted the motion, dismissing Plaintiffs’
claims against Dr. Pettit with prejudice and ordering Saenz to pay Dr. Pettit
$4,768.23 as reasonable attorney’s fees and costs of court incurred by him in
obtaining the order of dismissal.  During this time, Bennett also non-suited all
of his claims with prejudice.  Dr. Pettit then filed a motion for severance to
finalize the proceeding as to him.  The trial court granted the motion,
ordering that Plaintiffs’ claims against Dr. Pettit be severed into a separate
action.  The trial court further ordered that, because it had previously
dismissed Plaintiffs’ claims against Dr. Pettit with prejudice and because
Bennett had non-suited any claim that he might have alleged against Dr. Pettit,
the severance order was intended to make those orders final and appealable on
the date the severance order was signed, March 1, 2007.

Meanwhile, Bristol specially excepted to
Plaintiffs’ pleadings.  The trial court sustained her special exceptions and ordered
Saenz to re-plead and cure the defects identified by the special exceptions
that were sustained.  Saenz subsequently amended her pleadings.  Bristol then filed
a no-evidence motion for summary judgment, and, in the alternative, motion to
strike Saenz’s pleadings and to dismiss for failure to comply with the court
order and motion to dismiss for want of prosecution.  Grandy also filed a
traditional motion for summary judgment.

A hearing on the various motions was set
for May 1, 2008.  On April 15, 2008, Saenz filed a motion for continuance of
the hearing on the motions for summary judgment and then an amended motion for
continuance of the hearing on the motions for summary judgment on April 28,
2008.  The trial court denied Saenz’s continuance request after considering it
at the beginning of the May 1, 2008 hearing.

On the day of the hearing, Saenz filed a
document entitled “Response to Defendant Jan Grandy’s Motion for Summary
Judgment.”  Additionally, during the hearing, the “Affidavit of Carmen Saenz”
and its attachments were filed with the court.  Grandy and Bristol objected that
this response by Saenz was untimely and asked the court not to consider the
documents.  The trial court overruled the timeliness objections but stated that
it would allow Grandy and Bristol to review the response and make any
objections to the summary judgment evidence.  The trial court then stated that
it was granting Grandy’s traditional motion for summary judgment, Bristol’s
motion to dismiss for want of prosecution, Bristol’s motion to dismiss for
failure to comply with a court order, and Bristol’s no-evidence motion for
summary judgment.

The trial court signed an order granting
Grandy’s traditional motion for summary judgment on May 1, 2008.  One week
later, Bristol filed objections to Saenz’s summary judgment evidence.  Grandy
joined in those objections.  The trial court sustained all of the objections. 
On May 12, 2008, the trial court signed orders granting Bristol’s motion to
dismiss for want of prosecution, motion to strike Saenz’s pleadings and to
dismiss for failure to comply with a court order, and no-evidence motion for
summary judgment.

In her first issue, Saenz complains of
the trial court’s severance order of March 1, 2007.  To invoke the appellate
court’s jurisdiction over all parties to the trial court’s judgment or order
appealed from, a party must file a notice of appeal.  Tex. R. App. P. 25.1(b).  Absent certain exceptions, the
notice of appeal must be filed within thirty days after the judgment or
appealable order is signed.  Tex. R.
App. P.  26.1.  A judgment or order is final for purposes of appeal if
it actually disposes of all pending parties and claims before the court.  Lehmann
v. Har-Con Corp., 39 S.W.3d 191, 195 (Tex. 2001).

Here, the trial court’s severance order
severed Plaintiffs’ claims against Dr. Pettit into a separate action.  By that
time, all pending claims against Dr. Pettit had been disposed of because the
court had already entered an order dismissing Plaintiffs’ claims against Dr. Pettit
with prejudice and Bennett’s claims had been non-suited.  Thus, the severance order
was a final order for purposes of appeal.  Because Saenz did not file a notice
of appeal on the severance order, her first issue complaining of the severance
order is not properly before us.  We dismiss Saenz’s first issue.

            In her second issue, Saenz
complains of the trial court’s denial of her motion for continuance.  We review
the denial of a motion for continuance under an abuse-of-discretion standard of
review.  Wal-Mart Stores Tex., LP v. Crosby, 295 S.W.3d 346, 356 (Tex.
App.—Dallas 2009, pet. denied).  A trial court abuses its discretion by making
a decision that is arbitrary or unreasonable.  Downer v. Aquamarine
Operators, Inc., 701 S.W.2d 238, 242 (Tex. 1985).

            A motion for continuance
must be in writing, state the specific facts supporting the motion, and be
verified or supported by an affidavit.  See Tex. R. Civ. P. 251; Serrano v. Ryan’s Crossing Apartments,
241 S.W.3d 560, 564 (Tex. App.—El Paso 2007, pet. denied).  If the motion is
not verified or supported by affidavit, we presume the trial court did not
abuse its discretion.  Serrano, 241 S.W.3d at 564.  Here, neither of
Saenz’s motions for continuance were verified or supported by affidavit; thus,
we presume the trial court did not abuse its discretion and accordingly
overrule the second issue.

            In her third issue, Saenz
complains of the trial court’s granting of Grandy’s traditional motion for
summary judgment, Bristol’s no-evidence motion for summary judgment, Bristol’s
motion to strike Saenz’s pleadings and to dismiss for failure to comply with a
court order, and Bristol’s motion to dismiss for want of prosecution.  We will
begin with the summary judgments.

The standards of review for traditional
and no-evidence summary judgments are well established.  See Tex. R. Civ. P. 166a(c), (i).  Grandy
moved for summary judgment on traditional grounds on both Saenz’s negligent
misrepresentation and intentional infliction of emotional distress causes of
action.  Bristol moved for summary judgment on no-evidence grounds on Saenz’s
negligent misrepresentation, intentional infliction of emotional distress, and
tortious interference causes of action.

            The elements of negligent
misrepresentation are:  (1) a defendant provided information in the course of
his business, or in a transaction in which he had a pecuniary interest; (2) the
information supplied was false; (3) the defendant did not exercise reasonable
care or competence in obtaining or communicating the information; (4) the
plaintiff justifiably relied on the information; and (5) the plaintiff suffered
damages proximately caused by the reliance.  Larsen v. Carlene Langford
& Assocs., 41 S.W.3d 245, 249-50 (Tex. App.—Waco 2001, pet. denied); see
McCamish, Martin, Brown & Loeffler v. F.E. Appling Interests, 991
S.W.2d 787, 791 (Tex. 1999).  Saenz’s claims for negligent misrepresentation
fail because none of the alleged representations, whether in the letter sent by
Grandy, or in the suspected reports by Bristol, were made while Grandy or
Bristol was in the course of his or her own business or with regard to any
matter in which either of them held a pecuniary interest.

            A defendant can be held
liable for negligent misrepresentation made in the course of the defendant’s
own business dealings or if the alleged misrepresentation is made as a part of
a transaction in which the defendant has a pecuniary interest.  McCamish,
991 S.W.2d at 791; Fed. Land Bank Ass’n of Tyler v. Sloane, 825 S.W.2d
439, 442 (Tex. 1991).  A defendant who makes a representation outside of his or
her business and without any pecuniary interest in the transaction is
considered to have made a representation that is purely gratuitous and cannot
be justifiably relied upon.  Restatement
(Second) of Torts § 552 cmt. d.

            Neither Grandy nor Bristol
was in the course and scope of any employment when the alleged representations
were made.  Neither of them had a business or pecuniary interest in any matter
related to Saenz which would be affected by the alleged representations.  In
short, the alleged representations were not made in a context that is
recognized in the tort of negligent misrepresentation.

            Saenz also alleged that
Grandy and Bristol intentionally inflicted emotional distress upon her.  The
conduct that was an intentional infliction of emotional distress is the same
letter and the same suspected reports that were the basis of the negligent
misrepresentation claims.

            One element of an
intentional infliction of emotional distress cause of action is that the
defendant’s conduct was extreme and outrageous.  Kroger Tex. L.P. v. Suberu,
216 S.W.3d 788, 796 (Tex. 2006).  Whether the defendant’s conduct is extreme
and outrageous is a question of law for the court to decide.  Bradford v.
Vento, 48 S.W.3d 749, 758 (Tex. 2001).  To establish that a defendant’s
conduct was extreme and outrageous, the plaintiff must prove that the
defendant’s conduct was “so outrageous in character, and so extreme in degree,
as to go beyond all possible bounds of decency, and to be regarded as
atrocious, and utterly intolerable in a civilized community.”  Tiller v.
McLure, 121 S.W.3d 709, 713 (Tex. 2003).  The supreme court recently
stated:

            We certainly understand
judicial reticence to dismiss claims like this one stemming from heinous acts. 
But except in circumstances bordering on serious criminal acts, we repeat that
such acts will rarely have merit as intentional infliction claims.

 

            This tort was never intended
as an easier and broader way to pursue claims already protected by our
expanding civil and criminal laws.  If the tort is to remain viable where
“gaps” still remain, litigants and judges cannot entertain it as a catch-all
that avoids the careful balancing behind alternate legal claims.

 

Creditwatch, Inc. v. Jackson, 157 S.W.3d 814, 818 (Tex. 2005).

            Saenz’s claim here fails
because the conduct she complains about is not extreme and outrageous as a
matter of law.  Saenz complains about conduct that simply does not match the
strict standards set by very recent supreme court authority.  The conduct does
not border on “serious criminal acts,” it is not “beyond all possible bounds of
decency,” and it is not “atrocious and utterly intolerable in a civilized
community.”

            Finally, Saenz sued Bristol
for tortious interference, but it is not clear whether Saenz claims tortious
interference with an existing contract or tortious interference with a
prospective business relationship.  Either way, her claims for tortious
interference fail.

            The elements of a cause of
action for tortious interference with an existing contract are as follows:  (1)
the plaintiff had a valid contract; (2) the defendant willfully and
intentionally interfered with the contract; (3) the interference proximately
caused the plaintiff’s injury; and (4) the plaintiff incurred actual damage or
loss.  See Butnaru v. Ford Motor Co., 84 S.W.3d 198, 207 (Tex. 2002). 
Saenz has failed to identify any existing, valid contract to which she was a
party and with which Bristol allegedly interfered.  The suspected reports that
Saenz complains about had nothing to do with any contract to which Saenz was a
party.  They were made, if at all, on purely personal matters.  Because of
this, Saenz could not prevail on a tortious interference claim.

            A plaintiff is required to
establish the following to prevail on a claim of tortious interference with a
prospective business relationship:  (1) a reasonable probability that the
plaintiff would have entered into a contractual relationship; (2) an
intentional or malicious act by the defendant that prevented the relationship
from occurring with the purpose of harming the plaintiff; (3) lack of privilege
or justification for the act; and (4) actual harm or damage incurred as a
result of the defendant’s interference.  Ash v. Hack Branch Distrib. Co.,
54 S.W.3d 401, 413-14 (Tex. App.—Waco 2001, pet. denied).

            The first element of a claim
for tortious interference with a prospective business relationship requires the
plaintiff to prove that she had become involved in a prospective business
relationship that had not yet been reduced to contract, but that involved more
than just preliminary negotiations.  See Richardson-Eagle, Inc. v. William
M. Mercer, Inc., 213 S.W.3d 469, 475-76 (Tex. App.—Houston [1st Dist.]
2006, pet. denied).  Here, Saenz has identified no prospective business
relationship that had gone beyond mere negotiations and in which the formation
of a contract was reasonably probable.  She simply alleges a vague desire to go
into the health care services field and nothing more.  Moreover, Saenz has
failed to show that the suspected reports had any negative effect on her desire
to enter into these vague endeavors.  Again, the alleged representations in
this case were, if any, representations made in a social, non-business
context.  Like her other claims, Saenz’s efforts to state a claim for tortious
interference fail.

            Based on the foregoing, the
trial court did not err in granting Grandy’s traditional motion for summary
judgment and Bristol’s no-evidence motion for summary judgment.  We need
not address the other orders.  Saenz’s third issue is overruled, and we affirm
the trial court’s judgment.

             

REX D. DAVIS

Justice

 

Before
Chief Justice Gray,

Justice Reyna, and

Justice Davis

Affirmed

Opinion
delivered and filed October 27, 2010

[CV06]